UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD FELIX, CDCR #AS4135,<br><br>                              Plaintiff,<br><br>     vs.<br><br>DAVID CLAYTON, S. GATES, S. ROBERTS, R. BARENCHI, et al.,<br><br>                              Defendants. | Case No.: 3:22-cv-0559-GPC-KSC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)**<br><br>**[Doc. No. 4]** |

**I.     Procedural History**

On April 20, 2022, Donald Felix ("Plaintiff" or "Felix"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") under 28 U.S.C. § 1915(a). ECF No. 2. In his original Complaint, Felix alleged Defendants violated his Eighth Amendment rights by delaying and denying medical care. *See* ECF No. 1.

On July 28, 2022, the Court granted Felix's Motion to Proceed in Forma Pauperis ("IFP") and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C.

§§ 1915(e) and 1915A. ECF No. 3. The Court gave Felix leave to file an amended complaint and he did so on September 16, 2022.  ECF No. 4.

## II.   Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   Standard of Review

Plaintiff's First Amended Complaint ("FAC") requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Allegations

In his First Amended Complaint ("FAC"), Felix alleges he was denied adequate medical care under the Eighth Amendment; but the FAC contains very few factual allegations. Felix states that "Dr. Clayton failed to provide medical care and continuous treatment, medical devices, [durable medical equipment] as needed and requested by the plaintiff." FAC at 3. He goes on to state that Clayton "failed to provide pain medication strong enough to provide [Felix] with comfort during walking to and from work and while sleeping." *Id.* Felix contends Clayton "failed to prevent risk of further harm and injury." *Id.* Plaintiff also alleges "S. Roberts failed to provide trained medical staff to assist [him] with his requested medical needs. . . and failed to supervise medical staff to assure" his medical needs were met. *Id.* at 4. Finally, Felix contends S. Gates "failed to investigate and ensure that [Felix's] medical requests and care was provided by S. Roberts. M. Glenn and David Clayton." *Id.* at 5.

Plaintiff names Dr. D. Clayton, S. Gates, S. Roberts, R. Barenchi, Raymond Madden, Dr. Shakiba and Does 1–20 as defendants. *See id.* at 1–2. Felix seeks money damages and injunctive relief. *Id.* at 7.

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

3

3:22-cv-00559-GPC-KSC

D.  Discussion

Felix alleges Defendants violated his Eighth Amendment right to adequate medical care. FAC at 3–5. As discussed in this Court's previous dismissal order, when a prisoner's constitutional claim is one for inadequate medical care, he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The plaintiff must first establish a "serious medical need by demonstrating that [the] failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (citation omitted). Next, Plaintiff must show that the defendant's response to his objectively serious medical need was deliberately indifferent. *Id.* To establish deliberate indifference, a prisoner must allege facts to show: (1) a purposeful act or failure to respond to the prisoner's pain or possible medical need; and (2) harm caused by the indifference. *Id*. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. (quoting *Farmer v. Brennen*, 511 U.S. 825, 837 (1994)).

Here, Plaintiff's FAC is extremely vague and contains virtually no specific factual allegations.[1] Felix states only that Defendants have failed to meet his "requested medical needs." *See* FAC at 3. He fails however, to provide any facts regarding what that medical need is. Because Felix cannot allege a "serious medical need" without specific facts which could show a failure to treat it could lead to "injury or unnecessary and wanton infliction of pain," he has not alleged a necessary element of an Eighth Amendment claim based on inadequate medical care. *See Jett*, 439 F.3d at 1096.

---

[1] Plaintiff's original Complaint contained some factual allegations regarding Felix's medical condition that are not re-alleged in the First Amended Complaint. As discussed in the Court's previous Order, an amended complaint must be complete in itself, without reference to any prior pleading, because it replaces the previous complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Moreover, Felix fails to allege specific facts to show Defendants were deliberately indifferent to his unspecified medical needs. Indeed, he does not even reference Shakiba, Madden, Barenchi, or any Doe Defendants in the body his FAC, much less provide factual allegations to support an Eighth Amendment claim. *See* FAC at 3–5. Because Plaintiff has failed to allege any facts as to Shakiba, Madden, Barenchi and Doe Defendants, he has failed to state a claim as to those defendants.

As for the defendants who are referenced in the allegations contained in the FAC—Clayton, Roberts, and Gates—Plaintiff's claims are conclusory allegations devoid of supporting facts. For instance, Felix refers vaguely to Clayton's alleged failure to provide him with "medical devices" and "pain medication strong enough to provide . . . comfort during walking," FAC at 4, but he fails to allege any facts to support a showing of deliberate indifference by Clayton. *Id.* Specifically, he does not allege Clayton was aware of his medical needs, nor does Felix allege Clayton was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists," or that Clayton "dr[ew] the inference." *Estelle*, 429 U.S. at 106; *Jett*, 439 F.3d at 1096. As such, Felix has failed to state a claim against Clayton.

Plaintiff's factual allegations against Roberts and Gates are even more sparse. As to his claim against Roberts, Plaintiff states Roberts "failed to provide trained medical staff to assist the plaintiff with his requested medical needs." FAC at 4. He also states Roberts failed to supervise the medical staff. *Id.* But there is no supervisory liability under 42 U.S.C. § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) A supervisor is only liable for the "constitutional violations of … subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* (citations omitted); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff must show "(1) [Roberts] personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the [Roberts']

wrongful conduct and the constitutional violation." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quotation marks and citation omitted); *King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). Plaintiff has done neither here. He has failed to allege any facts which show Roberts had personal involvement in his medical care or that any causal connection existed between Roberts' conduct and his alleged Eighth Amendment violation. Therefore, Plaintiff has failed to state a claim against Roberts.

The same is true for Gates. The entirety of Plaintiff's allegations against Gates are that he "failed to investigate and ensure that the plaintiff's medical request and care was provided by S. Roberts, M. Glenn and David Clayton." FAC at 5. Plaintiff has failed to allege any facts to show Gates was personally involved in, or had any connection to, his allegedly inadequate medical care. *See id.* Because there is no supervisory liability under § 1983, he has failed to state a claim against Gates. *Rodriguez*, 891 F.3d at 798; *King*, 885 F.3d at 559.

For the above reasons, FAC must be dismissed as to all defendants for failing to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### III. Leave to Amend

In light of his pro se status, the Court **GRANTS** Plaintiff one final opportunity to amend his Eighth Amendment claim. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### IV. Conclusion and Order

For the above reasons, the Court **DISMISSES** Plaintiff's First Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him **thirty (30) days** leave from the date of this Order to file a Second Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Second Amended

Complaint <u>must be complete by itself without reference to his previous pleadings</u>. Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Finally, the Clerk of the Court is **DIRECTED** to provide Plaintiff with a blank court-approved form Second Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983 for his use and convenience.

**IT IS SO ORDERED**.

Dated:  September 27, 2022

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge