DONALD R. FELIX
(Name)
480 Alta Road D18-119L
(Address)
SAN DIEGO, CA. 92179
(City, State, Zip)
AS 4135
(CDC Inmate No.)

# United States District Court
## Southern District of California

DONALD R. FELIX,
(Enter full name of plaintiff in this action.)

Plaintiff,

v.

DAVID CLAYTON,
S. GATES,
S. ROBERTS,
R. BARENCHI,
(Enter full name of each defendant in this action.)

Defendant(s).

Civil Case No. 22cv559-GPC-KSC
(To be supplied by Court Clerk)

**SECOND AMENDED**
Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, Donald Felix
(print Plaintiff's name) DONALD FELIX, who presently resides at R.J. DONOVAN State Prison
(mailing address or place of confinement)
480 Alta Road San Diego, CA. 92179, were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at
R.J. DONOVAN STATE PRISON on (dates) 2019, 2019, and 2019.
(institution/place where violation occurred)    (Count 1)   (Count 2)   (Count 3)

§ 1983 SD Form
(Rev. 2/05)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant **DAVID CLAYTON** (name) resides in **SAN DIEGO COUNTY** (County of residence), and is employed as a **PRIMARY CARE PROVIDER - DOCTOR (Physician)** (defendant's position/title (if any)). This defendant is sued in his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: David Clayton violated the plaintiff's 8th and 14th Amdt Rights to Right to medicare, freedom from cruel and unusual punishment, due process right and equal protection of the law, failed to reissue disability medical equipment confiscated.

Defendant **S. GATES** (name) resides in **SAN DIEGO COUNTY** (County of residence), and is employed as a **Chief of Healthcare Correspondence/Appeals** (defendant's position/title (if any)). This defendant is sued in his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: S. Gates violated the plaintiff's 8th and 14th Amdt Rights to the right to medicare, freedom from cruel and unusual punishment, due process and equal protection of the law, failed to train, monitor, supervise staff and investigate CDC 602.

Defendant **S. ROBERTS** (name) resides in **SAN DIEGO COUNTY** (County of residence), and is employed as a **Chief Medical Officer - Exec** (defendant's position/title (if any)). This defendant is sued in his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: S. Roberts violated the plaintiff's 8th and 14th Amdt Rights to the right to medical care, freedom from cruel and unusual punishment, due process and equal protection of the law, failed to train, monitor, supervise staff and investigate CDC 602.

Defendant **R. BARENCHI** (name) resides in **SAN DIEGO COUNTY** (County of residence), and is employed as a **Chief Medical Executive - Officer** (defendant's position/title (if any)). This defendant is sued in his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: R. Barenchi violated the plaintiff's 8th and 14th Amdt Rights to the right to medical care, freedom from cruel and unusual punishment, due process and equal protection of the law, failed to train, monitor, supervise staff and investigate CDC 602.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: **RIGHT TO MEDICAL CARE**
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

In 2019, Dr. David Clayton - Primary Care Physician did confiscate disability medical equipment [DME] (Special Orthopedic shoes) from the plaintiff, that had been prescribed to Aid and assist the plaintiff's hammertoe birth defect (foot/toe deformity which impedes balance and causes discomfort and pain).

In 2019, Dr. David Clayton, S. Gates, S. Roberts and R. Barenchi [Refer to as: ALL Defendants] failed to properly respond and act upon the CDC 7362(s) and CDC 602(s)/Appeals filed by the plaintiff since 2019, which requested pain management, adequate medical care, order treatment, manage therapy, and re issue the [DME] to prevent further injury, discomfort and pain suffered by the plaintiff impairing his ability to participate in normal work duties and activities without discomfort, pain, loss of wages and work hours, sleep loss for the last 3 or more years.

All Defendants, above, failed to train, monitor, and supervise all medical staff members under each of their supervisions and also failed to investigate all CDC 7362(s) and CDC 602(s) filed by the plaintiff and take the appropriate action to provide requested medical care to resolve all request and complaints which these failures have amounted to deliberate indifference and negligence.

See Estelle v. Gamble (1976); Owen v. City of Independence ; Mandel v. Doe (1989) City of Canton v. Harris ; Board of the County Commission v. Brown; 8th Amndt 14th Amdt; Thomas v. Martija (2021) "Inadequate training or supervision amounts to deliberate indifference"; Connick v. Thompson "Deliberate indifference requires a pattern of constitution violations;" "Rejection of Immunity defense from liability for damages from the constitution violations" see Owen v. City of Independence, "Failure to treat leg injury" see Mandel v. Doe (1989); 3 Elements: (1) Adequacy of training (2) Deficiency of training (3) Causation; Perkins v. Lawson (2002) "deliberate indifference to serious medical needs of prisoner."

Count 2: The following civil right has been violated: __Freedom from cruel and unusual punishment and safe from risk of harm or injury__.
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

In 2019, Dr. David Clayton - Primary Care Physician did confiscate disability medical equipment [DME] (Special Orthopedic shoes) from the plaintiff, that had been prescribed to aid and assist the plaintiff's hammertoe birth defect (Foot/toe deformity which impedes his balance and causes discomfort and pain.)

In 2019, Dr. David Clayton, S. Gates, S. Roberts and R. Barenchi [Refer to as: All Defendants] failed to properly respond and act upon the CDC 7362(s) and CDC 602(s)/Appeals filed by the plaintiff since 2019, which requested pain management, adequate medical care, order treatment, therapy management, and reissue the [DME] to prevent further injury, discomfort and pain suffered by the plaintiff impairing his ability to participate in normal work duties and activities without discomfort, pain, loss of wages and work hours, adequate sleep for the last 3 years or more.

All defendants above, failed to train, monitor, and supervise all medical staff members under each of their (all defendants) supervisions and also failed to investigate all CDC 7362(s) and CDC 602(s) filed by the plaintiff and take the appropriate action to provide requested medical care to resolve all request and complaints which these failures have amounted to deliberate indifference and negligence.

See Estelle v. Gamble (1976); Owen v. City of Independence "Rejection of Immunity defense from Inability for damages from the constitutional violation(s)"; Mandel v. Doe (1989) "Failure to treat leg injury"; Connick v. Thompson "Deliberate indifference requires a pattern of constitutional violation(s)"; Thomas v. Martija (2021) "Inadequate training or supervision amounts to deliberate indifference"; City of Canton v. Harris "Plaintiff can prove deliberate indifference without having to show a pattern of const. violation(s)" See also, Board of the County Commission v. Brown; 8th and 14th Amdt.; 3 Elements: (1) Adequacy of training, (2) Deficiency of training (3) Causation; Perkins v. Lawson (2002) "deliberate indifference to serious medical needs of prisoner"

Count 3: The following civil right has been violated: __Due Process and Equal Protection__

_of the law._                                    (E.g., right to medical care, access to courts,
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

In 2019, Dr. David Clayton - Primary Care Physician did confiscate disability medical equipment [DME] (Special Orthopedic shoes) from the plaintiff, that had been prescribed to aid and assist the plaintiff's hammertoe birth defect (foot toe deformity which impedes balance and causes discomfort and pain).

In 2019, Dr. David Clayton, S. Gates, S. Roberts and R. Barenchi [Refer to as: All Defendants] failed to properly respond and act upon the CDC 7362(s) and CDC 602(s)/Appeals filed by the plaintiff since 2019, which requested pain management, adequate medical care, order treatment, therapy management, and reissue the [DME] to prevent further injury, discomfort and pain suffered by the plaintiff impairing his ability to participate in normal work duties and activities without discomfort, pain, loss of wages/work hours, adequate sleep for the last 3 or more years.

All defendants above, failed to train, monitor, and supervise all medical staff members under each of their (all defendants) supervision(s) and also failed to investigate all CDC 7362(s) and CDC 602(s) filed by the plaintiff and take the appropriate action to provide requested medical care to resolve all request and complaints which these failures have amounted to deliberate indifference and negligence.

See Estelle v. Gamble (1976); Owen v. City of Independence "Rejection of Immunity defense from liability for damages from the constitution violations(s)"; Mandel v. Doe (1989) "Failure to treat leg injury"; Connick v. Thompson "deliberate indifference requires a pattern of constitution violation(s)"; City of Canton v. Harris "Plaintiff can prove deliberate indifference without having to show a pattern of constitution violations(s)"; Thomas v. Martija (2021) "Inadequate training or supervision amounts to deliberate indifference"; See also, Board of the County Commission v. Brown; 8th and 14th Amdt; 3 Elements: (1) Adequacy of training (2) Deficiency of training (3) Causation; Perkins v. Lawson (2002) "deliberate indifference to serious medical needs of prisoner.

### D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _Donald Felix_
Defendants: _David Clayton, S. Gates, S. Roberts, R. Barenchi_
(b) Name of the court and docket number: _United States District Court Southern District of California, case # 3:22-cv-0559-GPC-KSC_
(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] _Granting motion to proceed in forma pauperis; dismissing complaint w/o prejudice - failure to state claim._
(d) Issues raised: _Violations of 8th and 14th Amdt rights to medical care, freedom from cruel and unusual punishment, due process and equal protection of the law._

(e) Approximate date case was filed: _4/20/2022_
(f) Approximate date of disposition: _7/28/2022_

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.
_I filed CDC 7362(s) and CDC 602(s) requesting David Clayton and staff to reissue my disability medical equipment and help me manage the pain in my feet and toes. All defendants failed to respond properly and accommodate me with proper care._

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): ability to obtain licenses to practice medicine and provide primary health care and medical attention. (Referring to defendants Dr. David Clayton, S. Gates, S. Roberts and R. Barenchi)
2. Damages in the sum of $ 250,000.
3. Punitive damages in the sum of $ 150,000.
4. Other: _____

### F. Demand for Jury Trial

Plaintiff demands a trial by ☑ Jury ☐ Court. (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☑ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

12-3-2022
Date

Donald Felix
Signature of Plaintiff

§ 1983 SD Form
(Rev. 2/05)

7

DONALD FELIX #AS4135
RJDCF
480 Alta Road D18-119L
San Diego, CA 92179

United States District Court
Southern District of California
OFFICE OF THE CLERK
333 West Broadway, Ste 420
San Diego, CA 92101

LEGAL / Confidential Mail

California Department of
Corrections and Rehabilitation

