UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD FELIX, CDCR #AS4135,<br><br>                             Plaintiff,<br><br>vs.<br><br>DAVID CLAYTON, S. GATES, S. ROBERTS, R. BARENCHI, et al.,<br><br>                            Defendants. | Case No.: 3:22-cv-0559-GPC-KSC<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)**<br><br>**[ECF No. 9]** |

**I.    Procedural History**

Donald Felix ("Plaintiff" or "Felix"), currently incarcerated at Richard J. Donovan Correctional Facility, is proceeding pro se and *in forma pauperis* ("IFP"). Felix filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on April 22, 2022, alleging Defendants violated his Eighth Amendment right to adequate medical care. ECF No. 1. The Court dismissed his original complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A. ECF No. 3. Felix then filed a First Amended Complaint, which the Court also dismissed without prejudice for failure to state a claim. ECF No. 5. The Court gave Plaintiff an opportunity to amend, and Felix filed a Second Amended Complaint ("SAC") on December 3, 2022. ECF No. 9.

## II. Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Plaintiff's SAC requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Allegations

In his SAC, Felix alleges Clayton, his primary care physician in 2019, confiscated disability medical equipment from him. ECF No. 9 at 3. Specifically, he alleges Clayton took his "special orthopedic shoes," which had been "prescribed to aid and assist [with his]

hammertoe birth defect." *Id.* Felix's hammertoe condition "impedes his balance and causes discomfort and pain." *Id.* Plaintiff further alleges Defendants Clayton, Gates, Chief of Healthcare Correspondence/Appeals, Roberts, Chief Medical Officer and Barenchi, Chief Medical Executive, "failed to properly respond and act upon" grievances he has submitted "since 2019," in which he "requested pain management, adequate medical care. . . and re-issue of his [orthopedic shoes] to prevent further injury discomfort and pain." *Id.* at 2-3. Felix states the pain has "impaired" his ability to "participate in normal work duties and activities." *Id.* at 3. In addition, the pain has caused him to suffer for "the last 3 or more years." *Id.*

Felix seeks money damages and an injunction preventing Clayton, Gates, Roberts and Barenchi from "obtain[ing] licenses to practice medicine." *Id.* at 7.

C. Discussion

Felix sues David Clayton, S. Gates, S. Roberts and R. Barenchi in both their individual and official capacities. *Id.* at 2. While Felix raises three claims in his SAC, the underlying supporting facts for each claim are identical. *See id.* at 3–6. In Count I, he alleges Clayton, Gates, Roberts, and Barenchi violated his Eighth Amendment right to adequate medical care. *Id.* at 3. In Count II, Felix states Clayton, Gates, Roberts, and Barenchi violated his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at 4. And as to Count III, he alleges all four defendants violated his right to due process and equal protection when they failed to adequately respond to his grievances. *Id.* at 4–5.

*1. Eighth Amendment*

Because Felix raises violations of the Eighth Amendment in both Counts I and II, the Court will discuss them together. As discussed in this Court's previous dismissal orders, when a prisoner's Eighth Amendment claim is based on inadequate medical care, he must allege two things to state a claim: (1) a serious medical need and (2) deliberate indifference to that need by prison officials. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

First, a plaintiff must allege a "serious medical need by demonstrating that [the] failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (citation omitted). Here, Felix states Clayton "confiscated" his orthopedic shoes, which had been previously prescribed to assist him with his hammertoe. As a result of not having his orthopedic shoes, Felix alleges he is unable to "perform work duties" or participate in other activities without pain and discomfort. ECF No. 9 at 3. The Court finds the facts set forth in the SAC meet the "low threshold" required to allege a serious medical need. *See, e.g., Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) ("We've held that the existence of chronic and substantial pain indicates that a prisoner's medical needs are serious."); *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) ("[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain.").

Second, to state an Eighth Amendment claim, Felix must also plausibly allege the defendants' response to his objectively serious medical need was "deliberately indifferent." *Estelle*, 429 U.S. at 106. To do so, he must allege facts to show: (1) a purposeful act or failure to respond to the prisoner's pain or possible medical need; and (2) harm caused by the indifference. *Jett*, 439 F.3d at 1096. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer v. Brennen*, 511 U.S. 825, 837 (1994)).

As to Clayton, Felix alleges only that Clayton "confiscated" his orthopedic shoes. *See* ECF No. 9 at 3. Felix provides no facts to show Clayton was aware of his hammertoe condition at the time. He alleges no facts regarding any medical appointments he had with Clayton. He also fails to allege any facts regarding what medical treatment Clayton provided or failed to provide him. *See id*. He states only that Clayton was his "primary care

physician" at the time his shoes were confiscated and that the shoes had been previously prescribed to him. *Id.* In short, Felix alleges he disagrees with Clayton's decision. But "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012). To allege deliberate indifference, the Felix must plausibly allege the treatment provided by Clayton "was medically unacceptable under the circumstances and that [Clayton] chose this course in conscious disregard of an excessive risk to [Felix's] health." *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) (quoting *Snow*, 681 F.3d at 988). He has not done so in his SAC. Specifically, he fails to allege facts to suggest Clayton was subjectively aware there was "substantial risk of serious harm" in confiscating the shoes. *See Estelle*, 429 U.S. at 106; *Jett*, 439 F.3d at 1096. As such, Felix has failed to state an Eighth Amendment claim against Clayton.

As for Defendants Roberts, Gates and Barenchi, Felix's allegations are even more sparse. He states that "all defendants failed to train, monitor, and supervise all medical staff members under each of their supervisors." ECF No. 9 at 3. As discussed in this Court's previous orders, there is no supervisory liability under 42 U.S.C. § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor is only liable for the "constitutional violations of … subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* (citations omitted); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As such, Plaintiff must allege Roberts, Gates and Barenchi had "(1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quotation marks and citation omitted); *King v. Cnty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). Plaintiff has done neither. He has failed to allege any

facts which suggest Roberts, Gates and/or Barenchi had any personal involvement in his medical care or that any causal connection existed between their conduct and Plaintiff's alleged Eighth Amendment violations. Therefore, Plaintiff has failed to state an Eighth Amendment claim against Roberts, Gates and Barenchi.

In sum, there are simply insufficient facts in the SAC to plausibly allege Clayton, Roberts, Gates, and/or Barenchi were "deliberately indifferent" to Felix's medical needs. *See Estelle*, 429 U.S. at 106. Therefore, the Court *sua sponte* dismisses Felix's Eighth Amendment claims (Counts I & II) for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126–27.

### 2.     *Due Process and Equal Protection*

In Count III, Felix alleges Defendants violated his rights to due process and equal protection by failing to adequately respond to grievances related to his medical care. ECF No. 9 at 4.

As for the due process aspect of his claim, Felix alleges "all defendants" failed to "properly respond and act upon" the grievances he filed in which he "requested pain management, adequate medical care. . . therapy and the reissue [of his orthopedic shoes]." *Id.* Inmates, however, have no stand-alone due process right related to administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). California's regulations grant prisoners a purely procedural right: the right to have a prison appeal. *See* Cal. Code Regs. tit. 15, §§ 3084–3084.9 (2014). In other words, prison officials are not required under federal law to process inmate grievances in a certain way. Thus, the denial, rejection, screening out of issues, review, or cancellation of a grievance does not constitute a due process violation. *See, e.g., Evans v. Skolnik*, 637 F. App'x 285, 288 (9th Cir. 2015) (stating a prison official's denial of a grievance does not itself violate the constitution); *Towner v. Knowles*, No. S-08-cv-2823-LKK-EFB, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (finding allegations that

prison officials screened out inmate appeals without any basis failed to indicate a deprivation of federal rights); *Williams v. Cate*, 1:09-CV-00568-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Accordingly, Plaintiff cannot and does not state a cognizable claim against any defendant based on the processing and/or denial of any inmate grievance. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126–27.

Felix also fails to state an equal protection claim against any defendant. The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by either (1) showing defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or (2) showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008). Felix fails to allege he is a member of a protected class or that similarly situated individuals were treated differently without a legitimate purpose. Indeed, even when construed liberally, the SAC is devoid of factual allegations relevant to an equal protection claim. Thus, Felix fails to state an equal protection claim as to any defendant. *See City of Cleburne*, 473 U.S. at 439.

Accordingly, Count III is *sua sponte* dismissed because Felix has failed to state a due process or equal protection claim against Clayton, Roberts, Gates, and Barenchi. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### III. Leave to Amend

In light of his pro se status, the Court **GRANTS** Plaintiff **one** final opportunity to amend his Eighth Amendment claim with respect to Clayton only. *See Rosati v. Igbinoso*,

791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).  However, because Plaintiff has already been granted two opportunities to allege the personal involvement of Roberts, Gates and Barenchi in the alleged constitutional violations or a connection between their alleged wrongful conduct and the constitutional violations, the Court DISMISSES the claims against Defendants Roberts, Gates and Barenchi with prejudice. *See* ECF Nos. 3, 5.

## IV.   Conclusion and Order

For the above reasons, the Court **DISMISSES** Plaintiff's Second Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him **thirty (30) days** leave from the date of this Order to file a Third Amended Complaint as to Defendant Clayton only which cures all the deficiencies of pleading noted. Plaintiff's Third Amended Complaint must be complete by itself without reference to his previous pleadings. Defendants not named and any claim not re-alleged in his Third Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file a Third Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). Finally, the Clerk of the Court is **DIRECTED** to provide Plaintiff with a blank court-approved form Third Amended Civil Rights Complaint

1  pursuant to 42 U.S.C. § 1983 for his use and convenience.

2  **IT IS SO ORDERED**.

3  Dated:  May 18, 2023

Hon. Gonzalo P. Curiel
United States District Judge